29 F.3d 632
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Willie HILL, Petitioner-Appellant,
v.
Theo WHITE, Respondent-Appellee.
 No. 93-16998.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 30, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Willie Hill, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition. Hill is challenging his 1984 conviction for robbery. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Henry v. Estelle, 993 F.2d 1423, 1425 (9th Cir.1993) and affirm.
 
 
 3
 Hill contends that the trial court violated his right to confrontation by limiting the scope of his cross-examination of three witnesses. This contention lacks merit.
 
 
 4
 "The Confrontation Clause of the Sixth Amendment guarantees the right of an accused in a criminal prosecution to be confronted with the witnesses against him." Delaware v. Van Arsdall, 475 U.S. 673, 678 (1986). While this right includes the opportunity for effective cross-examination, it does not provide the defense with a right to unlimited and unfettered cross-examination. Id. at 679. "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Wood v. Alaska, 957 F.2d 1544, 1549 (9th Cir.1992) (citing Van Arsdall, 475 U.S. at 679). Although the extent of cross-examination must be sufficient to allow the jury to evaluate the witness's general credibility, this right enjoys less protection than the right to develop the witness's bias. Evans v. Lewis, 855 F.2d 631, 633-34 (9th Cir.1988).
 
 
 5
 In order to determine whether a Sixth Amendment violation occurred, it is necessary to make a two-part inquiry. Wood, 957 F.2d at 1549-50. First, we must inquire whether the excluded evidence is relevant. Id. at 1550. If the evidence is relevant, we ask next whether other legitimate interests outweigh the interest in presenting the evidence. Id. We will find a Sixth Amendment violation only where the trial court abused its discretion. Id. "A trial court does not abuse its discretion so long as the jury has sufficient information upon which to assess the credibility of witnesses." Id.
 
 Officer Schoenstein
 
 6
 Officer Schoenstein testified that he lifted a fingerprint, which was subsequently identified as belonging to Hill, from a television antenna in the victims' home shortly after the robbery occurred. Hill contends that the trial court denied him his Sixth Amendment right to confrontation because the court refused to allow him to refer to texts on fingerprinting in his cross-examination. This contention lacks merit because the proposed line of questioning was only marginally relevant and the trial court was concerned about confusing the issues. See Wood, 957 F.2d at 1549-50.
 
 
 7
 The use of fingerprinting texts would have produced evidence of limited relevance at best because it is undisputed that the fingerprint on the lift card belonged to Hill. Hill's proposed line of questioning concerned the corroboration of Schoenstein's methods rather than the authenticity of the fingerprint itself.[1] Since the authenticity of the fingerprint was undisputed, the only relevant issue was whether the fingerprint was lifted from the television antenna or some other location. Hill never presented any evidence that the fingerprint was lifted from another location.
 
 
 8
 Furthermore, the trial court found that Hill's proposed cross-examination would be highly confusing to the jury. Thus, the trial court found that a legitimate interest outweighed the presentation of this marginally relevant evidence. See Wood, 957 F.2d at 1550. Moreover, the jury had sufficient information upon which to assess Schoenstein's general credibility. See Evans, 855 F.2d at 633-34. Hill elicited testimony from Schoenstein that he did not take a fingerprint photograph, that he did not book the antenna into evidence, that he may or may not have diagrammed the crime scene, and that he listed the wrong address on the lift card. Accordingly, the trial court did not abuse its discretion in excluding Hill's proposed line of questioning. See Wood, 957 F.2d at 1549-50.
 
 Maxene Benson
 
 9
 Maxene Benson, one of the two victims, testified that one of the two robbers was wearing a bandana over the lower portion of his face, but the bandana slipped off his face at one point. Mrs. Benson identified Hill as the robber wearing the bandana through a photographic lineup. Hill contends that the trial court violated his Sixth Amendment right to confrontation by precluding him from asking Mrs. Benson why she failed to inform the police that she saw the robber without his bandana. This contention lacks merit.
 
 
 10
 Hill's proposed question referred to Mrs. Benson's general credibility rather than her bias or motivation and is therefore entitled to less protection. See Evans, 855 F.2d at 633-34. Mrs. Benson admitted on cross-examination that she had her best view of the robber when he had the bandana covering his face, and that when she described Hill to the police she only gave information about his skin and his hair, and that she positively identified Hill from the photographic lineup when she covered up the lower half of his face. Although the proposed question may have affected Mrs. Benson's credibility to a limited degree, the jury had sufficient information to evaluate Mrs. Benson's credibility with respect to her identification of Hill. See Wood, 957 F.2d at 1550; Evans, 855 F.2d at 634. Accordingly, the trial court did not violate Hill's Sixth Amendment right to confront Mrs. Benson by excluding this question. See Wood, 947 F.2d at 1550.
 
 Officer Hindahl
 
 11
 Officer Hindahl testified that he recovered a University of San Francisco class ring, which was stolen by the robbers, from a pawn shop sixteen days after the robbery. The pawn shop owner identified Hill from a photographic lineup as the person who pawned the ring. Hill contends that the trial court violated his Sixth Amendment right to confrontation by precluding him from questioning Officer Hindahl about other types of fencing operations. This contention lacks merit because the proposed line of questioning was irrelevant. Accordingly, the trial court did not abuse its discretion since Hill had no constitutional right to present this evidence. See Wood, 957 F.2d at 1549-50.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Hill's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Specifically, Hill contends that Schoenstein did not follow recommended procedures for photographing the latent fingerprint before lifting it, booking the antenna into evidence, obtaining witnesses to the fingerprint lifting, or diagramming the crime scene. However, one of the victims, Maxene Benson, testified that she saw one of the robbers throw the antenna across the room and that a police officer arrived shortly after the robbery to dust the antenna for fingerprints. Thus Mrs. Benson's testimony provided some corroboration for Schoenstein's testimony